In re GRAND JURY.

(District Court, S. D. California. June 29, 1894.)

**1. CONSPIRACY—OBSTRUCTION OF INTERSTATE COMMERCE.**

A railroad which is a link in a through line of road by which passengers and freight are carried into a state from other states and thence to other states, is engaged in interstate commerce, within the statute declaring every combination or conspiracy in restraint of such commerce to be an offense.

**2. SAME—RUNNING OF TRAINS.**

Though a railroad company engaged in interstate commerce must, unless prevented by circumstances beyond its control, run trains; in a reasonable manner, and, as often as the ordinary business of commerce requires, yet, where the composition of its trains, as ordinarily made up, is reasonable and appropriate to the service required, it is not obliged, on the refusal of its employés to move the trains so long as certain cars are thereon, to leave off such cars, and run the rest of the train.

**3. MAIL—DUTY OF RAILROAD COMPANY.**

Where the regular passenger trains of a railroad have been designated for the carrying of mail, failure of the railroad to run other trains for that purpose is not in violation of the statute against obstruction and interruption of the mail.

Instructions given to the grand jury by ROSS, District Judge:

(June 29, 1894.)

Gentlemen of the Grand Jury:   Under and by virtue of provisions of the statutes of the United States all railroads or parts of railroads which are now in operation are post roads, and every railroad company in the United States whose road is operated by steam is authorized to carry upon and over its road, boats, bridges, and ferries all passengers, troops, government supplies, mails, freight, and property on their way from any state to another state, and to connect with roads of other states so as to form continuous lines for the transportation of the same to the place of destination.   A railroad which is a link in a through line of road by which passengers and freight are carried into a state from other states, and from that state to other states, is engaged in the business of interstate commerce, and every combination or conspiracy in restraint of such trade or commerce is by statute declared to be illegal, and the persons so combining or conspiring are by law guilty of the commission of a crime.   Congress has passed laws to regulate such commerce, and has provided, among other things, that any common carrier subject to the provisions of the interstate commerce act, or, whenever any such common carrier is a corporation, any director or officer thereof, or any receiver, trustee, lessee, agent, or person acting for or employed by such corporation, who, alone or with any other corporation, company, person, or party, shall willfully omit or fail to do any act, matter, or thing required to be done by the act, or shall cause or willfully suffer or permit any act, matter, or thing so directed or required by the act to be done, not to be done, or shall aid or abet such omission or failure, shall be deemed guilty of a misdemeanor, and punished in a certain prescribed way.   It is also declared by a statute of the

United States that any person who shall knowingly and willfully obstruct or retard the passage of the mail is guilty of a crime, and shall be punished. It is further declared by a United States statute that, "if two or more persons conspire * * * to commit any offense against the United States, * * * and one or more of such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable to a penalty of not more than $10,000 or to imprisonment for not more than 2 years, or to both fine and imprisonment, in the discretion of the court." Rev. St. § 5440. I charge you, gentlemen of the jury, to forthwith diligently inquire whether any of the laws of the United States to which I have specially called your attention have been violated by any person or persons within this judicial district. You must, in the language of the oath which you and each of you took when impaneled as grand jurors, "present no person from envy, hatred, or malice; neither shall you leave any person unpresented from fear, favor, affection, gain, reward, or the hope thereof, but you shall present all things truly as they come to your knowledge, according to the best of your understanding." It is of the first importance that the law be in all things and at all times maintained. This is especially true in times like the present, when there seems to be abroad in the land a spirit of unrest, and, in many instances, a defiance of law and order. Every man should know, and must be made to know, that whatever wrongs and grievances exist, no matter in what quarter, can only be corrected through lawful means; for the great mass of the American people are law-loving and law-abiding, and will never tolerate any high-handed or unlawful attempt to correct wrongs, whether they be real or imaginary. It is true that ordinarily every man has the legal right to stop work and quit his employment whenever he chooses to do so, unless there be a contract that obliges him to continue for a definite time; but no man has a legal or moral right, while continuing in the employment of another, to refuse to do the work he is employed and engages to do; and where such refusal goes to the extent of violating a law of the United States it is the solemn duty of those charged with its administration to take every step requisite and necessary to its complete vindication.

### (July 2, 1894, Morning Session.)

Gentlemen of the Grand Jury: I understand, through the district attorney, that you desire some further instructions in regard to the mail. Congress has provided by statute that the postmaster general shall in all cases decide upon what trains and in what manner the mails shall be conveyed, and that officer has, through his subordinates, designated for the Southern California Railway Company and the Southern Pacific Railroad Company in this judicial district the regular passenger trains of those roads for the carrying of the United States mails. Neither of those companies is by the law required to run any other trains than their regular passenger trains for the carrying of the mails, and their failure to do so is not a violation of any law of the United States to which my attention has been called,

or that I have been able to find. As I told you the other day, in effect, any and every person who shall knowingly and willfully obstruct or retard the passage of the mail is guilty of a crime against the laws of the United States, and, if two or more persons conspire to commit that or any other offense against the United States, and one or more of such parties do any act to effect the object of the conspiracy, all of the parties to such conspiracy are guilty of a crime; and, if you find from your investigations, which I charged you, and again charge you, diligently to pursue, that any such offense has been committed within this judicial district against the laws of the United States, it is your imperative and solemn duty to find an indictment or indictments against any and every such offending person. Using the substance of the language of Judge Jackson in a somewhat similar case that arose in West Virginia in 1893, it is proper for me to say that exactly what is involved in the strike which has brought about all of the trouble here and elsewhere is not for you or me to investigate. At this time it is not necessary to say which side is in the right nor which side is in the wrong, or whether, in fact, either side is in the wrong upon the merits of that question. It may be well to again say that there is but one way to redress a wrong known in this country, and that is through the regularly constituted tribunals of the country. No man, no set of men, no communistic combination of men, can lawfully undertake to redress a wrong except in the way pointed out by law. Whenever men attempt to unlawfully combine themselves together for the purpose of redressing a wrong, they strike at the very foundation of those laws which give them the right of a citizen,—the protection of life, of liberty, and the pursuit of happiness. It is the solemn duty of all good citizens to ponder and think of these things, and be sure that their acts, whatever they are, be within, and not contrary to, the laws of the country; and it is the sworn and imperative duty of those charged with the administration of the laws to take prompt and vigorous measures to bring to the bar of justice any and every infraction of them.

(July 2, 1894, Afternoon Session.)

Gentlemen of the Grand Jury: Most of the questions propounded by some of your members are answered in substance by the instructions already given to you by the court. The court has already told you that it is provided by a statute of the United States that the postmaster general shall in all cases decide upon what trains and in what manner the mails shall be conveyed, and that that officer has, through his subordinates, designated for the Southern California Railway Company and the Southern Pacific Railroad Company in this judicial district the regular passenger trains of those roads for the carrying of the United States mails; and, further, that neither of those companies is by the law required to run any other trains than their regular passenger trains for the carrying of the mails, and that their failure to do so is not a violation of any law of the United States. The court has further instructed you, and

again repeats, that any and every person who shall knowingly and willfully obstruct or retard the passage of the mail is guilty of a crime against the United States, and that any and every person who knowingly and willfully interferes with or obstructs any interstate commerce is guilty of an offense against a law of the United States; and that, if any two or more persons—it makes no difference who they are—conspire to commit either of those offenses against the United States, and one or more of such parties do any act to effect the object of the conspiracy, all of the parties to such conspiracy are guilty of a crime.    Whenever such acts are of a character to prevent and obstruct the carrying of the mails, or to interfere with or obstruct any interstate commerce, and are done for the purpose and with the intent to prevent or obstruct the same, a crime is committed.

(July 3, 1894.)

Gentlemen of the Grand Jury:  I especially call your attention this morning to the report of certain acts and declarations of a Doctor Ravlin at a public meeting reported to have been held at Hazard's Pavilion in this city last night, and in connection therewith I instruct you that it is declared by the statutes of the United States that "every person who incites, sets on foot, assists, or engages in any rebellion or insurrection against the authority of the United States, or the laws thereof, or gives aid or comfort thereto, shall be punished by imprisonment not more than ten years, or by a fine of not more than $10,000, or by both of such punishments; and shall, moreover, be incapable of holding any office under the United States" (Rev. St. § 5334); and, further, that, "if two or more persons in any state or territory conspire to overthrow, put down, or to destroy by force the government of the United States; or to levy war against them; or to oppose by force the authority thereof; or by force to prevent, hinder, or delay the execution of any law of the United States; or by force to seize, take, or possess any property of the United States contrary to the authority thereof; each of them shall be punished by a fine of not less than $500 and not more than $5,000; or by imprisonment, with or without hard labor, for a period not less than six months, nor more than six years, or by both such fine and imprisonment."  Id. § 5336.   You will forthwith diligently inquire whether at the time and place mentioned, or at any other time or place within this judicial district, any person or persons have violated either of these provisions of law, or any other provision of law of the United States; and, in the event you find that any such offense or offenses have been committed, you should forthwith find and return to the court an indictment or indictments against the person or persons so offending, to the end that he or they may be dealt with as law and justice demand. And I charge you that, in the event you find that any such offense or offenses have been committed, the very man or men first to be proceeded against should be the prime movers and controllers in such unlawful acts, and the very man or men who should first be arrested and imprisoned are the ones who declare they will not be ar-

rested, if any such there be. For, gentlemen of the grand jury, it is well to repeat, and have it fully understood in times like the present, that this is a government of law and order, and that the majesty of the law must and surely will prevail. You and I are its ministers now, and not one single duty or responsibility ought to be shirked, evaded, or postponed. The situation of affairs demands prompt and vigorous action on the part of each and every officer of the law, which it should be not only the wish, but the pleasure, of every good citizen to obey.

The questions with which we have to deal are wholly apart from any of the alleged grievances between the employés of the Pullman and railroad companies and their employers; but the overshadowing question here is whether the laws of the United States shall be permitted to be trampled under foot with impunity; and as to that there can be but one answer, and that is in the negative.

(July 11, 1894)

Gentlemen of the Grand Jury: One of your number has asked for further instructions respecting the law bearing upon the subject under your investigation. You have already been informed by the court that under and by virtue of provisions of the statutes of the United States all railroads or parts of railroads which are now in operation are post roads, and that every railroad company in the United States whose road is operated by steam is authorized to carry upon and over its road, boats, bridges, and ferries, all passengers, troops, government supplies, mails, freight, and property on their way from any state to another state, and to connect with roads of other states so as to form continuous lines for the transportation of the same to the place of destination; and that a railroad which is a link in a through line of road by which passengers and freight are carried into a state from other states, and from that state to other states, is engaged in the business of interstate commerce, and that every combination or conspiracy in restraint of such trade or commerce is by statute declared to be illegal, and the persons so combining or conspiring are by law guilty of the commission of a crime, whether they be railroad presidents, managers, superintendents, conductors, engineers, brakemen, or firemen. "Commerce with foreign countries and among the states, strictly considered," said the supreme court of the United States in County of Mobile v. Kimball, 102 U. S. 691–702, "consists in intercourse and traffic, including in these terms navigation and the transportation and transit of persons and property, as well as the purchase, sale, and exchange of commodities." And Mr. Pomeroy, in his work on Constitutional Law (section 378), referring to the signification of the word "commerce," says: "It includes the fact of intercourse and of traffic and the subject-matter of intercourse and traffic. The fact of intercourse and traffic, again, embraces all the means, instruments, and places by and in which intercourse and traffic are carried on, and, further still, comprehends the act of carrying them on at these places and by and with these means. The subject-matter of inter-

course or traffic may be either things, goods, chattels, merchandise, or persons. All these may therefore be regulated." Congress has passed laws to regulate such commerce, thereby requiring carriers engaged in such transportation of persons and property to transport them in accordance with and subject to the provisions of the act, and has provided, among other things, that any common carrier subject to the provisions of the interstate commerce act, or, whenever any such common carrier is a corporation, any director or officer thereof, or any receiver, trustee, lessee, agent, or person acting for or employed by such corporation, who alone or with any other corporation, company, person, or party shall willfully omit or fail to do any act, matter, or thing required to be done by the act, or shall cause or willfully suffer or permit any act, matter, or thing so directed or required by the act to be done, not to be done, or shall aid or abet such omission or failure, shall be deemed guilty of a misdemeanor, and punished in a certain prescribed way.

In respect to the mails of the United States, it is declared by statute that any person who shall knowingly and willfully obstruct or retard the passage of the mail, is guilty of a crime, and shall be punished. It is further provided by statute of the United States that the postmaster general shall in all cases decide upon what trains and in what manner the mails shall be conveyed, and that officer has, through his subordinates, designated for the Southern California Railway Company and the Southern Pacific Railroad Company in this judicial district the regular passenger trains of those roads for the carrying of the United States mails. Neither of these companies is by the law required to run any other trains than their regular passenger trains for the carrying of the mails, and their failure to do so is not a violation of any law of the United States. But on all of their regular passenger trains, whether they be local or through trains, they are required to carry the mails, and their failure or refusal to do so is unlawful. As respects interstate commerce, railroad companies engaged in such commerce should, unless prevented by circumstances beyond their control, run their trains in a reasonable manner, and as often as the ordinary business of commerce requires. At the same time, as owners of the property, they are legally and justly entitled to determine how many and what cars and engines shall constitute their trains; and, when the composition of trains as usually and ordinarily made up by them is reasonable and appropriate to the services required of them, the law does not, upon the refusal of their employés to move the usual and customary trains, require of such companies to divide the train, and run a less number of cars. The court has further instructed you. and again repeats, that any and every person, whether an employé of a railroad company in high or low position or not employed at all, who shall knowingly and willfully obstruct or retard the passage of the mail, is guilty of a crime against the United States, and that any and every person, whether an officer or employé of a railroad company or not, who knowingly and willfully interferes with or obstructs any interstate commerce is guilty of an

offense against a law of the United States; and that, if any two or more persons, it makes no difference who they are, conspire to commit either of those offenses against the United States, and one or more of such parties do any act to effect the object of the conspiracy, all of the parties to such conspiracy are guilty of a crime. Whenever such acts are of a character to prevent and obstruct the carrying of the mails, or to interfere with or obstruct any interstate commerce, and are done for the purpose and with the intent to prevent or obstruct the same, a crime is committed. When the acts which create the obstruction are in themselves unlawful, the intention to obstruct will be imputed to their author, although the attainment of other ends may have been his primary object.

Since preparing the foregoing instructions, the court is informed that certain lawless and criminal acts were committed in this city last night, and you are instructed to forthwith inquire whether any of such acts fall within the criminal statutes of the United States as heretofore pointed out and explained to you by the court, and, if you find that any of the laws of the United States were thereby violated, you should forthwith indict the offending persons.